## Howell, Appellant, *v.* Union Traction Company.

*Negligence—Street railways—Passenger—Nonsuit.*

In an action by a passenger against a street railway company, a nonsuit is properly entered where the plaintiff testifies that in stepping off a stationary car his heel caught in the step, and he was thrown, and there is no evidence that there was anything the matter with the step, or that there was any injury to the step as a portion of the means of transportation.

Argued March 28, 1902. Appeal, No. 30, Jan. T., 1902, by plaintiff, from order of C. P. No. 3, Phila. Co., June T., 1900, No. 181, refusing to take off nonsuit in case of George W. Howell v. Union Traction Company. Before McCOLLUM, C. J., DEAN, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before FINLETTER, P. J.

At the trial it appeared that on March 28, 1900, plaintiff was injured while stepping off a stationary car on defendant's railway. He testified that his heel caught in the step, and that he was thrown. He stated that his shoes had new heels. There was no evidence that there was anything the matter with the step, nor did it appear that the step as a part of the means of transportation was injured.

The plaintiff described the accident as follows :

" A. It was on a Morris and Tasker street car. I took the car at 22d and Lombard, and I went to 5th and Tasker, and there I wanted to alight, and as I went to go out, my foot caught in the step of the car and I was violently thrown and injured the kneecap, so that I have to wear, at the present time, and have to wear it always, a rubber stocking.   Q. Tell us a little more fully how that foot was caught and what you did.   A. I had one foot on the ground, and as I went to pull the other from the car, that was what threw me.   Q. Which foot was on the ground ?   A. The left.   Q. And the right was on the step ?   A. The right was on the step.   Q. How much of it was on the step ?   A. Two thirds of it was on the step.   Q. In what position was your foot on the step ?   A. The foot was flat. Q. What caught?   A. The heel.   Q. What efforts did you make to free yourself ?   A. Well, the foot being on the ground, I made a sudden effort to get the foot loose, and the first time I didn't get it loose, but the second time it came loose.   Q. How did you take the foot off—in what way ?   A. The foot came off flat, you know.   Q. Did you lift your foot or did you slide it?   A. Why, I lifted it or tried to lift it.   Q. And the last time you lifted it ?   A. It came loose and I fell; and as I fell, I came very near being crushed under a milk wagon at the same time."

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*George J. Edwards, Jr.,* for appellant.

*Dallas Sanders* and *Thomas Leaming*, for appellee, were not heard.

PER CURIAM, April 21, 1902:

The evidence in this case having failed to disclose any negligence on the part of the defendant company, the judgment of nonsuit was properly entered by the court below.

Judgment affirmed.